IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Criminal Action No. 4:19-CR-00058-ALM-AGD |
| | § |
| KYLE WAYNE ENLOW | § |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Kyle Wayne Enlow's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 17, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on December 5, 2019, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was subsequently sentenced to 33 months imprisonment to be followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, not knowingly purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances, substance abuse testing and treatment, mental health treatment, acquiring a high school equivalency certificate, collection of DNA, and a $100.00 special assessment fee. On September 13, 2024, Defendant completed his period of imprisonment and began service of the

supervision term. On October 11, 2024, Defendant's conditions of supervision were modified to include a special condition ordering no possession or consumption of alcoholic beverages.

On November 5, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #44, Sealed). In its Petition to revoke, the Government alleges Defendant violated the following conditions:

1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance. Specifically, the Government alleges as follows:

- On September 16, 2024, Defendant reported to the Plano U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine and marijuana. Prior to submitting to the drug test, Defendant verbally admitted he smoked methamphetamine and marijuana after he released from custody and while he was waiting on his grandfather to pick him up. The specimen was subsequently confirmed positive for methamphetamine and marijuana.
- On October 1, 2024, Defendant reported to the Sherman U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine and marijuana. Upon questioning, he admitted to using methamphetamine and marijuana within the past several days. He subsequently signed an admission form stating such.
- On October 7, 2024, Defendant reported to the Plano U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine and marijuana. Upon questioning, he admitted to using methamphetamine and marijuana over the weekend. He subsequently signed an admission form stating such.
- On October 18, 2024, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Medicine in Paris, TX, that tested positive for methamphetamine and marijuana. The specimen was subsequently confirmed positive by Alere Toxicology for both substances.

2) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. Specifically, the Government alleges Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on October 3, 2024, as part of the U.S. Probation Office's random drug testing program. Additionally, on October 22, 2024, Defendant was referred

for bi-weekly individual counseling/integrated treatment for dual disorders at Texas and Oklahoma Occupational Medicine in Paris, TX. Defendant failed to attend his scheduled initial treatment session on October 30, 2024.

    3) <u>Standard Condition</u> Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. Specifically, the Government alleges that Defendant has failed to secure full-time employment during his time on supervised release. He has not been excused from finding full-time employment.

    At the final revocation hearing, the parties reached an agreement. Defendant entred a plea of true to allegations 1 and 2 in the Petition and the Government moved to dismiss allegation 3 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the court finds that Defendant did violate his conditions of supervised release.

    Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

    Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months, with a twelve (12) month term of supervised release to follow.

The court further recommends that the following conditions be imposed: Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment unless the probation officer instructs Defendant to report to a different probation officer or within a different time frame.

While on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within fifteen (15) days of release from imprisonment and at least two other periodic drug tests, thereafter, as determined by the Court.

Defendant must comply with the standard conditions that have been adopted by the Court.

Additionally, the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's sources of income.

Defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged.

This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

    Defendant must acquire a high school equivalency certificate.

    Defendant must not possess or consume alcoholic beverages.

    The court also recommends the Government's motion to dismiss allegation 3 be granted.

    The undersigned finally recommends that the court request BOP house Defendant at Fannin Co. jail, or if that is not possible, at Three Rivers facility.

    SIGNED this the 17th day of December, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE