IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:19-CR-00058-ALM-AGD |
| | § | |
| KYLE WAYNE ENLOW | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the above-referenced criminal action, the Court having heretofore referred the request for the revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The Court has received the Report and Recommendation of the United States Magistrate Judge pursuant to its order. With Defendant having waived allocution before the Court as well as his right to object to the report of the Magistrate Judge, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge is **ADOPTED** as the opinion of the Court.

It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**.

It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with a twelve (12) month term of supervised release to follow.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While

on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within fifteen (15) days of release from imprisonment and at least two other periodic drug tests, thereafter, as determined by the Court.

      Defendant must comply with the standard conditions that have been adopted by the Court. Additionally, the special conditions originally imposed by the Court are still relevant and are reimposed as follows. Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's sources of income. Defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption. Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. Defendant must acquire a high school equivalency certificate. Defendant must not possess or consume alcoholic

beverages.

It is further **ORDERED** that the Government's Motion to Dismiss allegation 3 of the Petition is **GRANTED**.

The Court also recommends that Defendant be housed at Fannin Co. jail, or if that is not available, at the Three Rivers facility.

**IT IS SO ORDERED**.

SIGNED this 2nd day of January, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE