**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-00058-ALM-AGD |
| | § | |
| KYLE WAYNE ENLOW (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Kyle Wayne Enlow's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on August 31, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Marissa Miller.

Defendant was sentenced on December 5, 2019, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. Defendant was subsequently sentenced to 33 months imprisonment to be followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, not knowingly purchasing, possessing, distributing, administering, or otherwise using any psychoactive substances, substance abuse testing and treatment, mental health treatment, acquiring a high school equivalency certificate, collection of DNA, and a $100.00 special assessment fee. On September 13, 2024, Defendant completed his period of imprisonment and began service of the supervision term. On October 19, 2024, a Request for Modifying the Conditions or Term of Supervision was

signed by the Court and the conditions were modified to include no alcohol possession or consumption. On January 2, 2025, the original term of supervised release was revoked after Defendant admitted to having violated two conditions of supervision: (1) failing to refrain from any unlawful use of a controlled substance and (2) failing to participate in a program of testing and treatment for substance abuse. Defendant was subsequently sentenced to an 18-month term of imprisonment followed by a 12-month term of supervised release, subject to the standard conditions plus all previously imposed special conditions. On May 18, 2026, Defendant completed his period of imprisonment and began service of the second supervision term.

On July 10, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #60, Sealed). The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) Mandatory Condition Defendant must not commit another federal, state, or local crime; (2) Mandatory Condition Defendant must not unlawfully possess a controlled substance; (3) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; (4) Special Condition Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with Defendant's treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (5) Standard Condition Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so. If he does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses him from doing so. If he plans to change where he works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation

officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. (Dkt. #60 at pp. 1–4, Sealed).

The Petition alleges that Defendant committed the following acts: (1) & (2) On July 7, 2026, Defendant was arrested by the Paris, Texas Police Department for the offense of Possession of a Controlled Substance, a State Jail Felony in violation of Texas Health and Safety Code 481.115(b). Defendant was booked into the Lamar County Jail and remained there with a $2,000 bond at the time of the filing of the Petition. No formal charges had been filed, and this matter remained pending in Lamar County, Texas at the time of the filing of the Petition. According to the arrest report, on July 7, 2026, officers responded to a theft report at an apartment complex involving approximately $158.69 worth of clothing and personal items stolen from a laundry room the previous day. Surveillance video showed a white male removing items from a laundry machine and leaving with the victim’s laundry bag before going to Apartment 145. Officers contacted and identified the suspect as Defendant, who admitted the theft. During a consensual search, officers located a small bag containing suspected methamphetamine and a glass pipe used to smoke methamphetamine. Defendant admitted the methamphetamine belonged to him and stated he had used it the previous day. While being transported, Defendant became disruptive and kicked the patrol vehicle; (3) On May 20, 2026, Defendant reported to the Plano U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine and marijuana. Defendant admitted verbally and in writing to using methamphetamine on May 16, 2026, and using marijuana on May 19, 2026. The specimen was subsequently confirmed positive for both substances by the national lab. On June 3, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Health in Paris, Texas, that tested presumptive positive for marijuana, MDMA,

cocaine, methamphetamine, and fentanyl. Later that day, Defendant verbally admitted to smoking marijuana on May 31, 2026. The specimen was subsequently confirmed positive by the national lab for marijuana. The other substances were not confirmed due to the quantity of urine not being sufficient for confirmation analysis. On June 9, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Health in Paris, Texas, that tested positive for methamphetamine and marijuana. Defendant denied reusing both substances. The specimen was subsequently confirmed positive for both substances by the national lab. On June 17, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Health in Paris, Texas, that tested presumptive positive for methamphetamine and marijuana. Defendant admitted to using marijuana on June 6, 2026, but denied methamphetamine use. The specimen was subsequently confirmed positive by the national lab for marijuana. The methamphetamine result was still pending at the time of the filing of the Petition. On June 30, 2026, Defendant submitted a urine specimen at Texas and Oklahoma Occupational Health in Paris, Texas, that tested presumptive positive for methamphetamine, MDMA, and marijuana. The urine specimen confirmed positive for marijuana, but all other results were pending confirmation at the time of the filing of the Petition. On June 26, 2026, an interpretation request was sent to the national lab to determine whether Defendant reused marijuana between the urine specimens collected on June 3, 2026, and June 9, 2026, as well as between June 9, 2026, and June 17, 2026. As of the writing of the Petition, the interpretation remained pending. However, it should be noted, Defendant verbally admitted to using marijuana on June 6, 2026, which was in between the June 3rd and June 9th submissions; (4) On May 29, 2026, Texas and Oklahoma Occupational Health in Paris, Texas, notified the U.S. Probation Office that Defendant reported to submit a urine specimen on that date and refused the test. Furthermore, Texas and Oklahoma Occupational Health stated that Defendant

was verbally abusive to the staff and was eventually asked to leave the office. Therefore, Defendant failed to participate in the program of substance abuse testing; and (5) Defendant failed to secure full-time employment during his time on supervised release. Defendant has not been excused from finding full-time employment. (Dkt. #60 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 3, 4, and 5 in the Petition. Having considered the Petition and the plea of true to allegations 3, 4, and 5, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations 1 and 2 in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months, to run consecutive to any sentence imposed out of Lamar County, Texas, with no term of supervised release to follow.

The court further recommends that the Government's Motion to Dismiss allegations 1 and 2 in the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 10th day of September, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE